**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**LEO A. MARINO,**

                **Plaintiff,**

          **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                **Defendant.**

**8:14-cv-1033**
**(GLS)**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
| --- | --- |

**FOR THE PLAINTIFF:**
Leo A. Marino
*Pro Se*
Franklin Correctional Facility
P.O. Box 10
62 Bare Hill Road
Malone, NY 12953

| **FOR THE DEFENDANTS:** | |
| --- | --- |
| HON. RICHARD S. HARTUNIAN | LAUREN E. MYERS |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |

Steven P. Conte
Regional Chief Counsel
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

*Pro se* plaintiff Leo A. Marino challenges the Commissioner of Social

Security's denial of Supplemental Security Income (SSI), seeking judicial

review under 42 U.S.C. § 1383(c)(3). (Compl., Dkt. No. 1.) After reviewing

the administrative record and carefully considering Marino's arguments, the

Commissioner's decision is reversed and remanded for further

administrative proceedings.

### II. Background

On May 24, 2010, Marino filed an application for SSI under the Social

Security Act ("the Act"), alleging an onset date of October 24, 1994. (Tr.[1]

at 60, 343-46.) After his application was denied, (*id.* at 61-64), Marino

requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 65-

67). Marino's non-attorney representative, but not Marino, appeared for

the scheduled hearing, (*id.* at 32-41), and at a second scheduled hearing

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt.
No. 13.)

Marino appeared *pro se* and requested an adjournment to find

representation, (*id.* at 42-48). Although the ALJ granted his adjournment,

Marino appeared *pro se* at the subsequent hearing before the ALJ on

August 23, 2013. (*Id.* at 49-59.) On September 20, 2013, the ALJ issued

an unfavorable decision finding Marino not disabled and denying the

requested benefits, (*id.* at 12-31), which became the Commissioner's final

determination upon the Appeals Council's denial of review, (*id.* at 1-7).

Marino commenced this action by filing his complaint on August 20,

2014 wherein he sought review of the Commissioner's determination. (*See*

*generally* Compl.) The Commissioner filed an answer and a certified copy

of the administrative transcript. (Dkt. Nos. 12, 13.) Each party filed a brief,

Marino seeking a judgment on his pleading and the Commissioner

conceding that the court should remand to cure a procedural error. (Dkt.

Nos. 18, 25.) Marino filed a reply brief responding to the Commissioner's

concession. (Dkt. No. 38.)

## III. <u>Contentions</u>

Marino contends that the Commissioner's decision is tainted by legal

error and is not supported by substantial evidence. (Dkt. No. 18 at 3-27.)

Specifically, Marino argues that the ALJ erred because he did not

sufficiently develop the record, follow the treating physician rule, or support

his residual functional capacity (RFC) determination with substantial

evidence.  (*Id.*)  Additionally, Marino contends that he was denied

representation because the ALJ only afforded him three months to find

counsel.  (*Id.* at 3-11.)  The Commissioner supports reversal because

Marino did not have an opportunity to question the vocational expert (VE)

and recommends remand for further proceedings.  (Dkt. No. 25 at 5-7.)

## IV.  Facts

The court adopts the undisputed factual recitations of the parties and

the ALJ.  (Dkt. No. 18 at 1-2; Dkt. No. 25 at 1; Tr. at 17-25.)

## V.  Standard of Review

The standard for reviewing the Commissioner's final decision under

42 U.S.C. § 405(g)[2] is well established and will not be repeated here.  For

a full discussion of the standard and the five-step process by which the

Commissioner evaluates whether a claimant is disabled under the Act, the

court refers the parties to its previous decision in *Christiana v. Comm'r of*

*Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-3 (N.D.N.Y.

---

[2]  42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI
claims.

Mar. 19, 2008).

## VI. Discussion

### A. VE Testimony

The Commissioner concedes that the ALJ erred by failing to provide Marino an opportunity to cross-examine the VE or object to his testimony. (Dkt. No. 25 at 5.) Accordingly, the Commissioner advocates that the court remand for further proceedings. (*Id.* at 5-7.) The Commissioner emphasizes that remand rather than an award of disability benefits is the proper relief because the record suggests that Marino is not disabled. (*Id.*) Marino agrees that he was denied due process, but argues that appropriate remedy is a payment of benefits. (Dkt. No. 38 at 23-24, 30.) Alternatively, Marino seeks an order that "requir[es] the production of all records and the opportunity to present his case." (*Id.* at 30.)

At step five of the sequential analysis, the burden shifts to the Commissioner to produce evidence that an alternative job exists which Marino is capable of performing. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998); *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983); *see also* 20 C.F.R. § 416.960(c). To that end, the Commissioner must show a job existing in significant numbers in the

5

national economy that Marino could perform based on his RFC, age, education, and prior vocational experience. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.960(c).

In making a step five ruling, an ALJ may rely on the Medical–Vocational Guidelines found in 20 C.F.R. pt. 404, subpt. P, app. 2, as long as the claimant's age, education, work experience, and RFC coincide with the criteria of a rule contained in those Guidelines. *See* 20 C.F.R. § 404.1569; *see also Calabrese v. Astrue*, 358 F. App'x 274, 275 n.1 (2d Cir. 2009). However, when a claimant's nonexertional impairments "significantly limit the range of work permitted by his exertional limitations," the Commissioner "must introduce the testimony of a [VE] (or other similar evidence) that jobs exist in the economy which [the] claimant can obtain and perform." *Bapp v. Bowen*, 802 F.2d 601, 603, 605 (2d Cir. 1986) (internal quotation marks and citation omitted).

"[D]isability benefits are statutorily created property interests protected by the Fifth Amendment," thus, procedural protections attach to the hearings which determine a claimant's eligibility. *Brennan v. Colvin*, No. 13-cv-6338, 2015 WL 1402204, at *16 (S.D.N.Y. Mar. 25, 2015). Specifically, under the Hearings, Appeals and Litigation Law Manual

(HALLEX), an internal Social Security Administration procedural manual, ALJs must "ask the claimant . . . whether [he] ha[s] any objections to the VE testifying." Soc. Sec. Admin., HALLEX I-2-6-74(B), Testimony of a Vocational Expert, 2013 WL 751902. Additionally, "disability benefit[] claimants have a right to cross-examine the author of an adverse report and to present rebuttal evidence." *Brennan*, 2015 WL 1402204, at *16 (citing *Townley v. Heckler*, 748 F.2d 109, 114 (2d Cir. 1984)).

Here, the ALJ heard VE testimony about the availability of work for someone of Marino's capability. (Tr. at 57-58.) However, the ALJ dismissed Marino, who appeared at the hearing *pro se*,[3] just after he testified but before the VE was sworn-in as a witness. (*Id.* at 56-57.) Specifically, the ALJ stated that "[w]e're done at this point. If something comes up in the records and I need to have another hearing, we'll send and let you know. Have a good day." (*Id.* at 56.) Marino did not have the opportunity to object to the VE's testimony or to cross-examine him. Nor did the ALJ inform Marino of his right to do so. For that reason, the ALJ committed legal error. *See Brennan*, 2015 WL 1402204, at *16.

---

[3] Marino was incarcerated at the time of the hearing and was apparently transported from Coxsackie Correctional Facility to attend the proceeding. (Tr. at 52-54.)

Marino advocates that the appropriate remedy is an award of benefits.  (Dkt. No. 38 at 30.)  The Second Circuit, however, has held that a district court commits reversible error if it awards disability benefits on an incomplete administrative record.  *See, e.g.*, *Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 2000); *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).  Rather, a court will only award benefits "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose."  *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).  The record here does not compel a finding of disability such that a further hearing would serve no purpose.  In fact, the medical evidence suggests the opposite.  (*See, e.g.*, Tr. at 1620-23, 1955-56.)  Additionally, Marino acknowledges that the record is undeveloped.  (Dkt. No. 38 at 21.)  He contends that the some medical evidence has been withheld by the government and the evidence that the ALJ relied upon did not sufficiently compel a finding of no disability.  (*Id.*)  Accordingly, the court reverses and remands for further administrative proceedings.

## B.    Other Contentions

Because the court remands for the reasons stated above, it will only briefly discuss Marino's remaining contentions.  First, Marino argues that

he was denied his statutory right to counsel. (Dkt. No. 18 at 3-11). The ALJ, however, satisfied his statutory burden by informing Marino of his right to counsel, providing a list of free legal service organizations, and even adjourning the proceeding for over three months so Marino could obtain representation. *See* 42 U.S.C. § 1383(d)(2)(D); *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508 (2d Cir. 2009). However, when Marino appeared at the subsequent hearing without counsel, he waived his right to representation. *See Gonzalez v. Barnhart*, No. 02 Civ. 5813, 2003 WL 22383376, at *4 (S.D.N.Y. Oct. 16, 2003) (holding claimant waived right to counsel after the ALJ granted a two-month adjournment and claimant failed to obtain representation). Consequently, his contention is meritless.

Second, Marino contends that the ALJ violated his right to a fair hearing by failing to consider certain medical and non-medical evidence. (Dkt. No. 18 at 12.) Specifically, Marino argues that the ALJ did not review a September 2013 MRI, 2012-2013 mental health progress notes from the Coxsackie Correctional Facility, his New York State criminal history, and 2010-2011 biopsychosocial medical reports. (*Id.*; *see* Tr. at 1355-85, 1996-98, 1999-2132, 2140-67.) The evidence Marino complains of was not before the ALJ but submitted by Marino with his administrative appeal

9

to the Appeals Council.  (Tr. at 5-7.)  The new evidence became part of the

record, *see Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996), and,

accordingly, the Appeals Council reviewed it when it denied Marino's

request to review the ALJ's decision, (Tr. at 2).  The Appeals Council

determined that the new evidence was duplicative or did not provide a

basis to change the ALJ's decision and found the record had been fully

developed by the ALJ.  (*Id.*)  Although not raised by Marino in his brief, he

also submitted on administrative appeal treatment records from Faye

Rabinovich, his treating physician, dated September 24, 2010 to August

25, 2011.  (*Id.* at 2213-37.)  The Appeals Council failed to provide good

reasons for the weight it gave to the opinion of Dr. Rabinovich, and the

court must also remand on this ground.  *See Petrie v. Astrue*, 412 F. App'x

401, 407 (2d Cir. 2011) (holding the Commissioner must provide "'good

reasons' for the weight given to the treating source's opinion") (citations

omitted); *see also Wilson v. Colvin*, No. 7:13-cv-295, 2014 WL 4826787, at

*2-3 (N.D.N.Y. Sept. 29, 2014) (requiring remand for review of new medical

evidence when the Appeals Council failed to provide good reasons to

discount a treating physician's opinion).  As a result, on remand, the ALJ

must provide good reasons for the weight he affords to Dr. Rabinovich's

opinion.

Because Marino's remaining contentions, (Dkt. No. 18 at 14-27), may

be impacted by the subsequent proceedings directed by this Order, it

would be improper for the court to consider them at this juncture.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and

**REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for

proceedings consistent with this Memorandum-Decision and Order; and it

is further

**ORDERED** that the Clerk close this case and provide a copy of this

Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 5, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge